OPINION *Page 2 
{¶ 1} Defendant-appellant Earl Stanley Morrison appeals the judgment of the Stark County Court of Common Pleas finding him guilty of robbery, a felony of the second degree, in violation of R.C. 2911.02(A) (2). The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On Sunday, October 15, 2006, around 5:30 p.m., appellant walked into the Family Dollar Store located on Mahoning Road in Canton. The store is located adjacent to a Save-A-Lot store. Upon entering the store, appellant asked the cashier, Norma Ramsey, where certain items were to be found. Having worked at Family Dollar for approximately one month Ms. Ramsey, being unsure of the location of the requested items, directed appellant to ask the assistant manager who was at the rear of the store. Ashley Stolicny, the assistant manager, noticed appellant and became suspicious of his wanderings. At one point, she saw that appellant had a bag of candy in his hand, and then noticed that the bag was gone. Ms. Stolicny observed items bulging out of the back of appellant's coat. She suspected that appellant was shoplifting and kept an eye on him until she had to report to the front check-out area to help Ms. Ramsey bag items for other customers.
 {¶ 3} As she was helping Ms. Ramsey, Ms. Stolicny saw appellant get into the check-out line holding a bag of sugar. As the line moved and appellant was behind the customer being processed at the register, he noticed Ms. Stolicny. After exchanging knowing looks, Ms. Stolicny asked appellant to open up his coat and remove the store items. Appellant denied that he had anything. After making these denials several times, *Page 3 
appellant dropped the bag of sugar down on the counter and rushed for the exit door, before Ms. Stolicny could reach the door and attempt to lock it to prevent appellant's escape. Appellant ran into her and attempted to shove her out of the way in his attempt to flee the store.
 {¶ 4} While the struggle was continuing, Patricia Cearfoss, came over from the Save-a-Lot store to share a smoke break with Ms. Stolicny. As she entered the Family Dollar store, Ms. Cearfoss saw the struggle between Ms. Stolinsky and appellant. When appellant saw the door entering the store open, he pushed Ms. Cearfoss out of the way in an attempt to escape through the entrance door. The entrance door, however, had closed behind Ms. Cearfoss, so appellant ran back to the exit door blocked by Ms. Stolicny. Appellant lowered his shoulder and knocked Ms. Stolicny out of the way. As Ms. Stolicny was off balance, appellant ran out of the exit door. Ms. Stolicny, however, was able to grab appellant's coat as he ran out the door. As she did so, the coat gave way in the front, and numerous store items fell out of the coat. Appellant was able to pull away and run around the side of building. Unable to catch him, the women gathered up the items that had fallen from appellant's coat.
 {¶ 5} During the struggle, Ms. Ramsey managed to call 911 to alert the police. The police arrived minutes after appellant's exit from the store. Ms. Stolicny, Ms. Ramsey, and Ms. Cearfoss were interviewed, and a description of the suspect was provided. In addition, a video recording of the incident was turned over as part of the investigation. Ms. Stolicny, a single mother, initially did not want to go to the hospital, and continued working after the police left the store. After arriving home, however, she experienced intense pain and went to the emergency room. Ms. Stolicny was diagnosed *Page 4 
with an acute cervical shoulder strain or sprain, was told to not go to work the next day, and given Vicodin for pain.
 {¶ 6} Several days later, Ms. Stolicny received an anonymous phone call that a man was bragging about roughing up a female at the Family Dollar store. The caller gave her the name of the appellant as the person who was bragging. Ms. Stolicny turned his information over to Detective Mark Kandel of the Canton Police Department, who made up a six person photo array for Ms. Stolicny. When shown this array, Ms. Stolicny immediately identified appellant's photo as the person who tried to steal the store items and struggled with her and Ms. Cearfoss.
 {¶ 7} At the close of evidence, the State requested a lesser-included jury instruction on robbery per R.C. 2911.02(A) (3), and appellant asked for an instruction on the lesser offense of theft. The trial court granted both requests, and so instructed the jury. The jury, however, found appellant guilty of robbery as charged in the indictment. The Appellant was ordered to serve a four (4) year prison term; however the Court indicated that it would consider a motion for judicial release after six (6) months.
 {¶ 8} Appellant timely appealed and has raised for his sole assignment of error:
 {¶ 9} "I. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I. {¶ 10} In his sole assignment of error appellant maintains that his conviction is against the sufficiency and the manifest weight of the evidence. We disagree. *Page 5 
 {¶ 11} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion."State v. Thompkins (1997), 78 Ohio St.3d 380, 390.
 {¶ 12} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds inState v. Smith (1997), 80 Ohio St.3d 89.
 {¶ 13} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that *Page 6 
the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v.demons (1998), 82 Ohio St.3d 438, 444, citing State v. Jenks,61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 15} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 16} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
{¶ l7} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of *Page 7 
a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller (2002), 96 Ohio St.3d 384, 2002-Ohio-4931
at ¶ 38, 775 N.E.2d 498.
{¶ l8} Appellant challenges his conviction on one count of robbery. R.C. 2911.02(A) (2) provides: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another. . . ."
{¶ l9} Appellant argues that the State failed to prove that appellant inflicted, attempted to inflict, or threatened to inflict physical harm.
 {¶ 20} In the case at bar, Ashley Stolicny and Norma Ramsey identified appellant as the assailant. Ms. Stolicny testified that appellant repeatedly pushed and shoved her into the door frame, at one point using his shoulder in his effort to escape. (T. at 111). Ms. Stolicny's medical records corroborated her testimony that she suffered a strain or sprained shoulder as a result of the appellant's actions.
 {¶ 21} R.C. 2901.01 states, in relevant part: "(A) As used in the Revised Code:
 {¶ 22} "(3) `Physical harm to persons means any injury, illness, or other physiological impairment, regardless of its gravity or duration".
 {¶ 23} The Legislative Service Commission comments further states: "`Physical harm to persons is conceived as personal, physical harm including, but not limited to, personal injury. In the context of tort law personal injury implies a trauma, but in the *Page 8 
context of the criminal law a precedent trauma is not viewed as a necessary requirement before it can be held that personal harm is caused or threatened, such as when an offender deliberately, through other than traumatic means, sets out to drive his victim mad or arranges for his victim to contract pneumonia".
 {¶ 24} This court has previously held that "no showing of actual trauma or injury is needed to satisfy the `physical harm' element of assault. The qualification of the physical contact as `physical harm" is a matter to be determined by the trier of fact". State v. Robinson
(Sept. 30, 1985), 5th Dist. No. CA-6649; State v.Dansby (June 15, 1988), 5th Dist. No. 87AP090068. See, also State v. Perkins (March 27, 1998), 11th District No. 96-P-0221("When there is no tangible, physical injury such as a bruise or cut, it becomes the province of the jury to determine whether, under the circumstances, the victim was physically injured, after reviewing all of the evidence surrounding the event"); State v. Bowers, 11th Dist. No. 2002-A-0010, 2002-Ohio-6913 at ¶ 15 ("In the instant case, the victim attested that appellant tackled him without his permission causing him to fall to the ground. The victim stated that he was not injured or bruised as a result of the incident; however, he attested that he experienced pain in his stomach and side when he was tackled. Reviewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that appellant inflicted physical harm on Boggs, as provided in R.C. 2901.22, and knowingly caused Boggs physical harm, as provided in R.C. 2901.01(A)(3)") .
 {¶ 25} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had caused physical harm to another. *Page 9 
 {¶ 26} We hold, therefore, that the State met its burden of production regarding inflict, attempt to inflict, or threaten to inflict physical harm on another as required by R.C. 2911.02(A) (2) and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 27} Although appellant cross-examined the witnesses and argued that he did not inflict, attempt to inflict, or threaten to inflict physical harm, and further that the State's witnesses were not credible because their testimony was conflicting, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
 {¶ 28} Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, Miller v. Miller (1988),37 Ohio St. 3d 71.
 {¶ 29} In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 30} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the *Page 10 
inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67,197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 31} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime of robbery; we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant inflicted, attempted to inflict, or threaten to inflict physical harm as provided in R.C. 2911.02(A)(2), and caused Ms. Stolicny physical harm, as provided in R.C. 2901.01(A)(3).
 {¶ 32} The final contention raised by appellant in the case at bar is that the photo line-up conducted by the police was flawed. Appellant did not file a pre-trial motion to suppress the identification procedure used in the case at bar. On appeal appellant does *Page 11 
not assign as error the failure of trial counsel to file such a motion. Appellant offers no explanation as to how or why the identification process was flawed.
 {¶ 33} Detective Mark Kandel testified that he created a photo line-up consisting of six photographs of subjects appearing similar to appellant. (T. at 180). Detective Kandel presented this packet to Ms. Stolicny who immediately selected appellant's photograph as the person who had committed the offense. (Id. at 180-182). We find no flaw in this procedure.
 {¶ 34} Accordingly, appellant's conviction for robbery was not against the manifest weight or sufficiency of the evidence.
 {¶ 35} Appellant's sole assignment of error is overruled.
 {¶ 36} The judgment of the Court of Common Pleas, Stark County, Ohio is affirmed.
 By Gwin, P.J., and Delaney, J., concur; Hoffman, J., concurs. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Court of Common Pleas, Stark County, Ohio is affirmed. Costs to appellant.